RECEIVED
DEC 23 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| MARY ANDERS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSAL ADCOM, L.L.C., and<br>DOUG RAMEN,<br><br>    Defendants. | COMPLAINT<br><br>3 04CV00154<br>NO: _____ |

## COMPLAINT

COMES NOW, the Plaintiff, Mary Anders, by her attorney, M. Leanne Tyler of Tyler & Associates, PC, 4431 E. 56th Street, Davenport, Iowa 52807, and for cause of action against Defendants states as follows:

### GENERAL AVERMENTS

### JURISDICTION

1. Jurisdiction is conferred upon this Court pursuant to 42 USC §2000e et seq., as amended, Title VII.

2. This action is also brought pursuant to Iowa Code Chapter 216 in the interest of filing all causes of action arising between identical parties relating to the same facts and circumstances in one lawsuit.

3. Jurisdiction is also invoked because all unlawful employment practices, discrimination and harassment alleged herein took place in the jurisdiction and venue of the United States District Court for the Southern District of Iowa.

4. The Jurisdiction of this Court is invoked by Plaintiff in relationship to the claim of assault in the interest of filing all causes of action, between identical parties, relating to the same facts and circumstances, in one lawsuit.

## CONDITIONS PRECEDENT

5. Plaintiff has complied with the procedural requirements of 42 USC §2000e et seq. in order to file pursuant to Title VII, in that Plaintiff has filed a complaint with the Equal Opportunity Commission, within 300 days of the last day Plaintiff complained of harassing and discriminatory conduct, by Defendants.

6. Plaintiff has obtained a Right To Sue letter, from the Equal Employment Opportunity Commission, and has commenced this action within ninety (90) days of issue of such Right to Sue letter. (See attached Administrative Release – Right to Sue Letter dated October 15, 2004).

7. Plaintiff has complied with the procedural requirements of Iowa Code Chapter 216 in that Plaintiff filed a complaint, before the Iowa Civil Rights Commission, within 180 days of the last day of her claim of harassing and discriminatory conduct by Defendants.

8. Plaintiff has obtained a Right to Sue letter, from the Iowa Civil Rights Commission, and has commenced this action within ninety (90) days of the issuance of such Right to Sue letter. (See attached Administrative Release – Right to Sue letter from the Iowa Civil Rights Commission, dated September 27, 2004).

## PARTIES

9. Mary Anders, has been, and is at all times pertinent to this Complaint, a resident of Rock Island County, Illinois.

10. Mary Anders has been, and is at all times pertinent to this Complaint, a black female employee, who was employed at Universal Adcom, L.L.C., in Scott County, Iowa.

11. At all times pertinent hereto, the Defendant, Universal Adcom, L.L.C., is a limited liability corporation doing business in the county of Scott, City of Davenport, Iowa, which is located in the jurisdiction of the United States District Court for the Southern District of Iowa, and is validly organized and existing under the laws of the State of Texas.

12. At all times pertinent hereto, the Defendant, Doug Ramen, was an assistant manager, supervisory to Plaintiff, working for Universal Adcom, L.L.C., in the County of Scott, City of Davenport, Iowa, which is located in the jurisdiction of the United States District Court, for the Southern District of Iowa.

13. At all times pertinent hereto, the Defendant, Universal Adcom, L.L.C., had fifteen (15), or more, employees for each working day, in each of the twenty (20) or more calendar weeks in the current year, and the preceding calendar year, to the alleged acts underlying this cause of action, as an employer within the meaning of 42 USC § 2000e.

14. At all times pertinent hereto, the Defendant, Universal Adcom, L.L.C., is an employer, within the meaning of Iowa Code § 216.

15. Defendant, Doug Ramen, at all times pertinent hereto, was an agent of Universal Adcom, L.L.C., as an employee, working as an assistant manager, supervisory to Plaintiff, at Universal Adcom, L.L.C.

## SPECIFIC COUNTS

### COUNT I

16. Plaintiff began working at Universal Adcom, L.L.C., in approximately July, 2001.

17. In approximately November, 2001, Plaintiff was transferred from the Moline, Illinois, office to the Universal Adcom, L.L.C., office located in Davenport, Iowa.

18. Plaintiff's position, at Universal Adcom, L.L.C., was coordinator for advertisements.

19. Throughout her work, Plaintiff performed her position equal to, or superior to, that of her male co-workers.

20. Defendant, Universal Adcom, L.L.C., violated 42 USC § 2000e, et. seq., or Title VII, in that the Defendant subjected Plaintiff to a hostile working environment, in that Plaintiff was subjected to sexually harassing comments, jokes and gestures.

21. Defendant, Universal Adcom, L.L.C., further subjected Plaintiff to not only a hostile work environment, by co-workers, but sexually harassing comments, jokes, and gestures by her supervisor, Doug Ramen.

22. Plaintiff's immediate supervisor, Assistant Manager, and Training Supervisor, Doug Ramen, encouraged and engaged in the sexually harassing comments, jokes, and gestures.

23. Plaintiff did not participate in the sexually harassing comments, jokes and gestures.

24. The following were among many sexually harassing comments, jokes and gestures, by Plaintiff's supervisor, Doug Ramen:

    a. Doug Ramen referred to Plaintiff's breasts as "big, red, trucks";

    b. Mr. Ramen put a ruler next to his penis and pretended the ruler was an erect penis;

    c. Mr. Ramen drew a picture of Plaintiff, as a black woman, and with Doug Ramen depicted spitting on Plaintiff.

25. On approximately December 30, 2002, Plaintiff's supervisor, Doug Ramen, spit in Plaintiff's face.

26. Doug Ramen, and other workers, employed with Plaintiff, engaged in other sexually harassing behavior, comments, jokes, and gestures.

27. When Plaintiff complained, to Doug Ramen, her supervisor, and requested that the sexually charged comments, jokes, and behavior cease, Doug Ramen simply laughed or did not respond.

28. Plaintiff complained, to management, many times that she believed the sexually charged behavior, comments, and jokes were not appropriate to the workplace, and that she did not appreciate such behavior and comments in her presence.

29. Doug Ramen then drew a picture depicting him spitting on Plaintiff, as a black woman, referred to in paragraph 24 above.

30. Plaintiff complained, to the supervisor, of Doug Ramen, about Doug Ramen spitting on her and drawing a picture depicting the incident, on approximately January 2, 2003.

31. The supervisor, to whom Plaintiff complained, was Doug Cunningham, who was supervisory to Doug Ramen, in the chain of command, at Universal Adcom, L.L.C.

32. Plaintiff also reported the incident to another manager, approximately one week later, who was not directly supervisory to Doug Ramen, in the chain of command.

33. Management, referred Plaintiff's complaint to the co-owner (vice president) of the company.

34. The company conducted an investigation, in reference to which Plaintiff was not interviewed.

35. Plaintiff was given a document that the investigation, relative to her complaints of sexual harassment, was unfounded by Universal Adcom, L.L.C.

36. Plaintiff was then told, by management, at Universal Adcom, L.L.C., that she would be required to transfer to Moline, Illinois, wherein it was expected that Plaintiff's commission would be substantially less, based on her having previously worked in that office.

37. Plaintiff was further told, by management, that Doug Ramen would remain her supervisor.

38. Plaintiff then sought other employment, because the company failed to take any action in reference to her rightful complaint, of a hostile work environment and supervisor harassment.

39. Plaintiff asserts that she was constructively discharged, on approximately February 1, 2003, because of Defendant's failure to correct the hostile work environment,

supervisor harassment, and failure to properly investigate and found her complaint was true and accurate.

40. The Defendant's, Universal Adcom, L.L.C.'s, actions, pled herein, were wanton and willful and in knowing disregard to Plaintiff's known civil rights.

## COUNT II – IOWA CIVIL RIGHTS ACT– SEX HARASSMENT

41. Plaintiff pleads paragraphs 16 through 39, of Count I.

42. Defendant, Universal Adcom, L.L.C., violated Iowa Code Chapter 216, in that Defendant subjected Plaintiff to hostile work environment and supervisor harassment through sexually harassing comments, jokes, and behaviors, described in Count I, paragraphs 16 through 39.

## COUNT III – TITLE VII – RACE

43. Plaintiff is a member of the protective class as an Afro-American as required by Title VII.

44. Plaintiff was qualified to perform her work and was performing her work competently, and in some respects superiorly, to her white co-workers.

45. Plaintiff was treated differently in her position of employment and subjected to different terms and conditions and harassment because of race.

46. Any reasons which Universal Adcom, L.L.C., attempts to articulate for harassing and treating Plaintiff differently from her white co-workers are merely a pretext for improper motivation of race discrimination, hostile work environment and constructive discharge in the performance terms and conditions of Plaintiff's employment contract.

47. Plaintiff's supervisor, Doug Ramen, referred to her in a racially derogatory manner, in front of Plaintiff and Plaintiff's co-workers.

48. Plaintiff's supervisor, Doug Ramen, spit on Plaintiff, during Plaintiff's employment.

49. Plaintiff's supervisor, Doug Ramen, then drew a picture of him spitting on Plaintiff, a black woman, and circulated it other employees in a mocking manner, encouraging the employees to laugh.

50. The above constitutes racial harassment, and different treatment of Plaintiff from the treatment of her white co-workers.

51. Plaintiff reported the different treatment to management, superior to Doug Ramen, in the chain of command.

52. Management did nothing to address Plaintiff's concerns, and, in fact, Plaintiff's complaint was determined unfounded by management.

53. Specifically, on approximately January 2, 2003, Plaintiff reported the spitting incident, which occurred approximately on December 30, 2002, to management, superior in the chain of command, to Doug Ramen, Plaintiff's supervisor, who engaged in the spitting behavior and pictorial depiction of such.

54. Management then conducted an investigation, which it is Plaintiff's understanding, included the owner (vice-president), of the company.

55. This investigation lasted approximately one (1) day, and Plaintiff was not interviewed in reference to the investigation.

8

56. Universal Adcom, L.L.C., failed to act on Plaintiff's report of racially different treatment, by her supervisor, Doug Ramen, and of the racially harassing behavior, by her supervisor, Doug Ramen.

57. Plaintiff was then given the opportunity to have less attractive work conditions, in that Plaintiff was given an opportunity to transfer to the Moline office, wherein Plaintiff had previously earned substantially less income than Plaintiff earned in the Davenport, Iowa, office.

58. Plaintiff was required to continue under Doug Ramen's supervision.

59. Because of Defendant, Universal Adcom, L.L.C.'s failure to properly investigate Plaintiff's complaint and, in fact, determine the complaint unfounded and failed to protect Plaintiff, Plaintiff ceased employment on approximately February 1, 2003.

60. Plaintiff asserts she was constructively discharged because of Defendant's failure to properly investigate her and forward her complaint and failure to take proper corrective action.

61. Defendant, Universal Adcom, L.L.C.'s actions described herein were wanton and willful and in knowing disregard to Plaintiff's known civil rights.

62. The above actions constitute a racially hostile working environment and supervisor harassment in violation of Title VII of the Civil Rights Act of 1964.

63. The above-referred actions constitute discrimination in the performance and enforcement of an employment contract in violation of Title VII of the Civil Right Act of 1964.

64. The above-referred actions constitute constructive discharge of Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

## COUNT IV - IOWA CIVIL RIGHTS ACT - RACE

65. Plaintiff repleads paragraphs 43 through 60 of Count III.

66. Defendant, Universal Adcom, L.L.C., violated Iowa Code § 216 by subjecting Plaintiff to an unlawful racially hostile work environment and race discrimination, as set forth in paragraphs 43 through 60 of Count III.

67. The above-referred actions set forth in Count III, paragraphs 43 through 60 constitute racial harassment in the informant's performance terms and conditions of Mary Anders' employment in violation of Iowa Code Chapter 216.

68. The above-referred actions set forth in Count III in paragraphs 43 through 60 constitute constructive discharge in relation to Plaintiff Mary Anders' employment in violation of Iowa Code Section 216.

## COUNT V – ASSAULT

69. Plaintiff repleads paragraphs 24, 25, and 26 of Count I.

70. The actions of the supervisor to Plaintiff, Doug Ramen, constitute an assault.

71. The actions done by Plaintiff, Doug Ramen, described in paragraphs 24, 25, and 26, were with the intent to put Plaintiff, Mary Anders, in fear of physical contact or injury, which would be insulting or offensive.

72. Defendant's actions were the proximate cause of Plaintiff's damages, which include, but are not limited to, the following: back and front pay; back and front

benefits; past and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

73. Because Doug Ramen performed the above actions within the scope of his employment, Defendant Universal Adcom, L.L.C., is responsible for his actions as a supervisor in said company.

74. Defendant, Universal Adcom, L.L.C., is responsible, to Plaintiff, for the actions of Doug Ramen because Defendant, Universal Adcom, L.L.C., had knowledge that he was assaulting Plaintiff and others and recklessly disregarded the safety of Mary Anders and others, and thus aided and abetted in the assault.

75. The aforementioned actions of Defendants, during Doug Ramen's employment at Universal Adcom, L.L.C., constitute a willful and wanton disregard for the rights or safety of Plaintiff, by Defendants, herein.

## DAMAGES

76. As a result of Defendant, Universal Adcom, L.L.C.'s actions set forth in Counts I through IV, Plaintiff has lost wages and benefits prior to filing this lawsuit and will lose wages and benefits in the future.

77. As a result of Defendant's actions set forth in Count I through IV, Plaintiff has suffered pain, humiliation, embarrassment and other emotional distress.

78. As a result of Defendant's actions set forth in Counts I through IV, Plaintiff has suffered consequential losses, such as loss of future job opportunities.

79. It is appropriate that the Court award punitive damages pursuant to Counts I and III because, Defendant's, Universal Adcom, L.L.C.'s, actions, pursuant to Title VII, relating to a racially hostile work environment and supervisor harassment, and sexually

hostile work environment and supervisor harassment, were willful, wanton and malicious and in knowing disregard for Plaintiff's known civil rights.

80. As a result of the Defendants', Doug Ramen's, and Universal Adcom, L.L.C.'s, actions set forth in Count V, Plaintiff has lost wages and benefits prior to filing this lawsuit and will lose wages and benefits in the future.

81. As a result of Defendants', Doug Ramen's, and Universal Adcom, L.L.C.'s, actions pled in Count V, Plaintiff has suffered pain, humiliation, embarrassment and other emotional distress.

82. It is appropriate that Plaintiff be awarded her costs and attorney fees allowable pursuant to Counts I - IV, against Universal Adcom, L.L.C.

83. It is appropriate that Plaintiff be awarded her costs against Defendants, Doug Ramen and Universal Adcom, L.L.C., as available in relation to Plaintiff's cause of action plead in Count V.

84. It is appropriate that punitive damages be awarded against Defendants, Doug Ramen and Universal Adcom, L.L.C., pursuant to Count V herein.

## **PRAYER – ALL COUNTS**

WHEREFORE, Plaintiff respectfully requests that relief be granted as follows:

1. That pursuant to Title VII and Iowa Code Chapter 216, Defendant, Universal Adcom, L.L.C., be required to pay Plaintiff front pay and back pay and front and back benefits in reference to Counts I though IV plead herein;

2. That pursuant to Title VII and Iowa Code Chapter 216, Defendant, Universal Adcom, L.L.C., be required to pay Plaintiff compensatory damages for

emotional distress and mental pain and suffering as plead in reference to Counts I through IV pled herein;

3. That pursuant to Title VII, and Iowa Code Chapter 216, the Defendant, Universal Adcom, L.L.C., be required to pay compensatory damages to Plaintiff in the form of lost future job opportunities, in reference to Counts I through IV plead herein.

4. That pursuant to Title VII and Iowa Code Chapter 216, Defendant, Universal Adcom, L.L.C., be required to pay Plaintiff's costs and attorney fees in reference to Counts I through IV pled herein;

5. That pursuant to Title VII, Defendant, Universal Adcom, L.L.C., be required to pay punitive damages in accordance with the number of employees employed by Defendant, Universal Adcom, L.L.C., in reference to Counts I and III herein;

6. That Defendants, Doug Ramen and Universal Adcom, L.L.C., be required to pay Plaintiff's damages in the form of lost wages and benefits prior to filing this lawsuit and lost wages and benefits in the future in reference to Count V plead herein;

7. That the Defendants, Doug Ramen and Universal Adcom, L.L.C., be required to pay Plaintiff compensatory damages for emotional distress and mental pain and suffering, pursuant to Count V pled herein.

8. That Defendants, Doug Ramen and Universal Adcom, L.L.C., be required to pay punitive damages pursuant to Count V herein.

9. That the Defendants, Doug Ramen and Universal Adcom, L.L.C., be required to pay the costs of this action pursuant to Count V, plead herein.

10. That the Court award interest against Defendants on all damages.

MARY ANDERS, Plaintiff

By: _____
M. Leanne Tyler, Attorney for Plaintiff
TYLER & ASSOCIATES, P.C.
4431 E. 56th Street
Davenport, IA 52807
Telephone:	563-355-4040
Facsimile:	563-355-8883
E-Mail:	MLT@Ltylerlaw.com

EEOC Form 161-B (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Mary Anders
528 - 12th Avenue
Rock Island, IL 61201

From: Milwaukee District Office
310 West Wisconsin Ave
Suite 800
Milwaukee, WI 53203

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2003-01313 | Chester V. Bailey, District Director | (414) 297-1111 |

**NOTICE TO THE PERSON AGGRIEVED:** *(See also the additional information enclosed with this form.)*

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*[signature]* Chester V. Bailey, Director

OCT 15 2004
*(Date Mailed)*

cc: UNIVERSAL ADCOM. INC.
1033 E. 53rd Street
Davenport, IA 52807

Atty Robert K. Leyshon
P.O. Box 4298
Rock Island, IL 61204

Atty M. Leanne Tyler
Tyler & Associates, PC
4431 E. 56th Street
Davenport, IA 52807

Administrative Release
(Letter of Right-To-Sue)

| To:<br><br>MS. MARY ANDERS<br>528 - 12TH AVENUE<br>ROCK ISLAND, IL 61201<br>Certified Letter #: 7000 0600 0029 0620 2758 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | From:<br><br>Iowa Civil Rights Commission<br>Grimes State Office Building<br>400 E. 14th Street<br>Des Moines, Iowa 50319 |
|---|---|---|
| Complaint # 46011 | EEOC # 26AA301313 | Local # |

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code Section 216.16 and 161 Iowa Administrative Code Section 3.10.

The following conditions have been met:

1. The complaint was filed with the Commission as provided in Commission Rule 3.5;

2. Sixty (60) days have expired since the complaint was filed;

3. None of the exceptions set forth in Commission Rule 3.10(4) are applicable.

With this release, Complainant has the right to commence an action in a State District court. That action must occur within ninety (90) days of the issue date **September 27, 2004**

An informational copy of this Administrative Release/Letter of Right-To-Sue has been sent to the Respondent(s) and counsel(s) as shown below.

The Iowa Civil Rights Commission


cc: File
M. LEANNE TYLER, Complainant's Attorney
ROBERT LEYSHON, Respondent's Attorney
UNIVERSAL ADCOM INC., Respondent, Certified Letter # 7000 0600 0029 0620 2765
DOUG RAMEN, Respondent, Certified Letter # 7000 0600 0029 0620 2772


ICRC/S36 (24).